BLAINE PENLEY *vs.* DWIGHT H. EDWARDS.

Androscoggin.    Opinion May 27, 1930.

*Berman & Berman,* for plaintiff.
*Tascus Atwood,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRINGTON, JJ., MORRILL, A. R. J.

FARRINGTON, J.   An action in assumpsit essentially on an account annexed, but containing omnibus counts with specifications and with separate count for money had and received.  The account annexed is as follows:

"July 5th, 1928.  To amount due this plaintiff from you for so much money had and received belonging to this plaintiff                                                                         $3,800
To interest on $5,000 from July 27th to March 1, 1929    500
To interest on $3,800 from March 1, 1929, to date of demand, October 24th, 1929                                              190

                                                                                      ———
                                                                                      4,490"

The plaintiff rested after having introduced the following affidavit, under Sec. 127 of Chap. 87 of the Revised Statutes of the State as amended:

"STATE OF MAINE

ANDROSCOGGIN, ss                                   SUPERIOR COURT

BLAINE PENLEY *vs.* DWIGHT H. EDWARDS.

I, Blaine Penley do on oath depose and say: that I am the plaintiff in an action of assumpsit brought on an itemized account annexed to the writ against Dwight H. Edwards, the defendant: that the account on which said action is brought is a true statement of the indebtedness existing between the said Dwight H. Edwards, defendant, and myself plaintiff, with all proper credits given, and that the items charged therein are just and reasonable.

Blaine E. Penley.

STATE OF MAINE

ANDROSCOGGIN, ss:                        JANUARY 15TH, 1930.

Personally appeared the above named Blaine Penley and made oath that the above affidavit by him subscribed is true.

Before me,                        Benjamin S. Berman
                                  Notary Public (Seal)"

The defence introduced, with objection, a copy of the will of Jonas Edwards, the third item of which is as follows:

"I give and bequeath to my son, Dwight H. Edwards, in trust, the sum of Ten Thousand (10,000) Dollars for the benefit of my said daughter's child, Blaine Penley. I direct my said son, as trustee, to use the income from said sum from time to time, for the benefit of said grandson, Blaine Penley, and for his education, and if my said grandson proves worthy, by his conduct, to receive said principal sum, I direct my son to turn the same over to him absolutely on his attaining the age of twenty-five years."

John L. Reade, Clerk of Courts for Androscoggin County, then testified that the records showed that on a libel brought by Olive E. Penley against the plaintiff less than four years after the marriage a divorce was decreed on the ground of cruel and abusive treatment.

At this point, the defendant having offered no further evidence, the plaintiff was permitted to introduce the following:

## Exhibit No. 2

"To Dwight H. Edwards      Auburn, Maine July 23, 1925
    Whereas by the terms of the will of Jonas Edwards you have a trust fund of ten thousand dollars to which I shall be entitled at the age of twenty-five years, this is to acknowledge that you have paid for the property conveyed to me by May H. Griffith, namely the house and land on the South side of Gamage Avenue in Auburn, Maine, and that you have advanced monies to me, so that you have now by said purchase and the advancement of other monies given me the benefit of five thousand dollars ($5,000.00) and when I shall have attained the age of twenty-five years I will give you a receipt in full of all liability as trustee of the said ten thousand dollars on payment to me of five thousand dollars ($5,000.00) and from this date I will hold you accountable only for four per cent interest on five thousand dollars until I shall have attained the age of twenty-five years when you will then turn over to me the five thousand dollars above referred to.

Blaine E. Penley."

## Also Exhibit No. 3

the essential part of which is:
    "July 27, 1929 We have this day paid Blaine E. Penley his two year's interest on $5,000.00 which we hold in trust amounting to $400.00, and have deducted his note which we hold against him dated December 11, 1925. Blaine E. Penley."

By agreement of parties these two exhibits were "to become a part of the plaintiff's case, and being documents 2 and 3 produced under an order to produce served on the defendant by the plaintiff."

The defendant then moved for a non-suit and the motion was overruled. The plaintiff reserved an exception.

It was agreed that, if the action was maintainable, the amount would be for $3,800.00 and interest on $5,000.00 from July 27, 1927, to March 1, 1929, at 4 per cent, and interest on $3,800.00 at 4 per cent from March 1, 1929, to date of the writ.

It was also agreed that the defendant, on March 1, 1929, paid the plaintiff $1,200.00, which had been credited by plaintiff to the account of the defendant upon the five thousand dollars mentioned in exhibit 2.

The defendant then rested. Motion for a directed verdict for the plaintiff was made, and the motion was granted, the amount of the verdict being $4,274.66. The defendant reserved exceptions.

On July 5, 1928, the plaintiff became twenty-five years of age.

The writ in the case is dated October 25, 1929, demand, as stated in the account annexed, having been made October 24, 1929.

The defendant's contention is that the plaintiff can not, in any event, recover at law against him as trustee, and that his only remedy is in equity.

The plaintiff contends that, although a trust was originally created under the will of Jonas Edwards, that trust had ceased and terminated. With this contention we are unable to agree, as the evidence not only fails to show any such termination but clearly indicates that the trust is still in force.

It is also claimed by the plaintiff that the suit may be maintained as on a legal contract made between the plaintiff and the defendant apart from any trust relationship. In our opinion, however, the evidence in the case does not substantiate any such claim.

The real contention of the plaintiff is that, even if the trust had not terminated, an action for money had and received would lie on the ground that the trust consisted only of money and that nothing remained to be done under the trust except to pay that money to the plaintiff as beneficiary.

Of the greatest importance, in our opinion, as bearing upon the exceptions to the direction of the verdict for the plaintiff, is the language of the third section of the will above quoted, where it provides "and if my said grand-son proves worthy, by his conduct, to receive said principal sum, I direct my son to turn the same over to him absolutely on his attaining the age of twenty-five years."

The only evidence offered by the plaintiff is his affidavit as to the account annexed and exhibits 2 and 3 as noted *supra*. There is no allegation that he has by his conduct proved himself worthy to receive the sum for which he sues, nor is there proof of such worthiness. The burden is upon him'to establish this fact before he can be entitled to a recovery, either at law or in equity. We do not now undertake to decide whether or not under a proper writ he could recover at law in an action for money had and received. It is sufficient for the purposes of this case to note that he has failed by allegation and proof to establish his worthiness, which we regard as a condition precedent to any right of recovery. Something more than the paying over of money on the part of the trustee must be considered. The plaintiff has resting upon him the burden of establishing the fact of worthiness and this burden he has not sustained. For this reason alone it was, in our opinion, error to have directed a verdict for the plaintiff under the evidence.

It is not altogether clear from the remarks of the presiding Justice as to whether, in directing a verdict for the plaintiff, he based his decision on the ground that there was a personal contract between the plaintiff and the defendant apart from the trust, or whether the trust had ceased, or on the ground that an action for money had and received would lie because it was simply a matter of paying. If his direction of the verdict is based on the ground that there was a personal contract between the parties, we feel that such a conclusion is not warranted by the evidence in the case; and if the decision is based upon the view that there was a right to maintain an action for money had and received, the only act remaining to be performed being that of payment, we feel that there was error in the direction of the verdict, because of failure to allege or prove worthiness.

Moreover, in our opinion, Sec. 127 of Chap. 87 of the Revised Statutes was never intended to cover a case of this kind. The Court in *Hamilton-Brown Shoe Company* v. *McCurdy*, 124 Me., at page 112, says, "This statute is in derogation of the common law and should be strictly construed. There should be no attempt to extend its term or plain intent by judicial legislation. It applies only to actions brought on an itemized account. It relates to a state-

ment of indebtedness existing between the parties to the suit. It may be appropriately called a statute to facilitate procedure in collection of accounts in actions of assumpsit." See also a later case, *Sawyer* v. *Hillgrove*, 128 Me., at page 233.

The statute is not applicable to such an action and we disapprove the attempt to use it in ways and for purposes never, in our opinion, contemplated or intended by the Legislature which passed it.

For the reasons given the exceptions to the direction of a verdict for the plaintiff should be sustained.

The exceptions to the refusal to order a non-suit need not be considered. They were not even argued, but they could not be sustained in any event, as such a refusal is not subject to exceptions.

*Exceptions sustained.*